**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.:

WESMI DAOUT,

      Plaintiff,

v.

MEDICAL TRANSPORT SOLUTIONS, INC.,
a Florida Profit Corporation

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, WESMI DAOUT ("Plaintiff" or "Mr. Daout"), by and through undersigned counsel, files this Complaint against Defendant, MEDICAL TRANSPORT SOLUTIONS, INC. ("Defendant" or "MTS"), and states as follows:

## NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2.    Mr. Daout was an employee who performed services on behalf of Defendant in Broward County, Florida, and nearby/adjacent counties.

3.    MTS is a Florida limited liability company located in Pembroke Pines, Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

1

4.      Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5.      Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida, and in nearby/adjacent counties.

## FLSA COVERAGE

6.      At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.      At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8.      At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10.     At all times material hereto, Defendant was primarily engaged in providing medical transport services to local patients via dispatch from its headquarters located in Broward County, Florida.

11.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for

purposes of the Motor Carrier Act.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as phones, printers, and office equipment, but which had come to rest within its office location in Broward County, Florida.

## FACTUAL ALLEGATIONS

14.     Mr. Daout worked for Defendant under the title of Driver from on or about August 26, 2019, through December 15, 2019.

15.     Mr. Daout always worked in Broward County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

16.     Mr. Daout's responsibility with MTS was to drive local patients to and from their medical and dental appointments.

17.     Mr. Daout had no authority to hire or fire employees of MTS.

18.     Mr. Daout had no authority to discipline employees of MTS.

19.     Mr. Daout had no authority to determine the schedules to be worked by any employees of MTS, or to change the schedules.

20.     Mr. Daout had no authority to set rates of pay for other employees or agents of MTS.

21.     Mr. Daout had no input into performance reviews of other employees or agents of MTS.

22.     All of Mr. Daout's major decisions had to be cleared in advance by one of MTS's supervisors.

23.     Mr. Daout was closely monitored by MTS's managers and supervisors at all times.

24.     Mr. Daout followed procedures established by MTS and did exactly as he was instructed to do.

25.     Mr. Daout was not an independent contractor and was instead an MTS employee.

26.     Mr. Daout had no right to control how he did his job.

27.     Mr. Daout's work, driving patients to medical and dental appointments, was unquestionably an essential part of MTS's business.

28.     Mr. Daout hired no helpers, and was not authorized by MTS to hire any helpers to perform his job functions.

29.     Mr. Daout's work required no special skill.

30.     Mr. Daout's work relationship with MTS was permanent.

31.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

32.     Defendant hired Plaintiff at a day rate of $115.00 per day, and Plaintiff therefore had no opportunity for profit or less, depending on his skill.

33.     Plaintiff regularly worked sixty-five (65) or more hours per week for Defendant.

34.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him the day rate noted above for each day of work.

35.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

36.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

37.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

38.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39.     Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41.     Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43.     Plaintiff reincorporates and re-alleges paragraphs 1 through 42, above, as though set forth fully herein, and further alleges as follows:

44.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

45.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46.     Plaintiff was not an exempt employee as defined by the FLSA, and was instead paid on a day rate basis.

47.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

48.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his

favor against Defendant, and that this Court:

    a.   Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.   Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.   Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.   Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.   Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

### **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 15th day of June, 2020.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

7