UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:20-cv-61176-WPD

WESMI DAOUT,

    Plaintiff,

v.

MEDICAL TRANSPORT SOLUTIONS, INC.,

    Defendant.
_____/

**JOINT NOTICE OF SETTLEMENT, REQUEST FOR JUDICIAL APPROVAL, AND ORDER DISMISSING THE CASE WITH PREJUDICE**

    The Parties, Plaintiff Wesmi Daout ("Plaintiff") and Defendant Medical Transport Solutions, Inc., ("Defendant" or "MTS") hereby advise the Court that they have reached an agreement to settle this matter in full, including the outstanding issue as to the amount of reasonable fees and costs to be awarded to Plaintiff. The Parties hereby request the Court's judicial approval of the terms of the settlement and an Order dismissing this case with prejudice pursuant to Fed. R. Civ. P. 41 and the Court's FLSA Order [D.E. 5]. In support, the parties state as follows:

    1.    On June 15, 2020, Plaintiff filed this action against Defendant alleging overtime wage violations under the Fair Labor Standards Act ("FLSA"). *See* D.E. 1.

    2.    On May 10, 2021, Defendant, served Plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $2,800.00 and reasonable attorneys' fees and costs to be determined by the Court ("the Offer"). [D.E. 35-1].

    3.    On May 24, 2021, Plaintiff filed a Notice of Acceptance of the Offer. [D.E. 35]. And, on May 26, 2021, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $2,800.00. [D.E. 36]. The Court's Order "reviewed the record and the Offer and

[found] that the settlement is fair and reasonable," and retained jurisdiction to determine the reasonable amount of attorney's fees and costs. *Id*.

4. As the Court noted, "when a plaintiff's FLSA claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute' as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir.1981).'" (internal citations omitted). *Mejia v. Commercial Driver's License Sch., Inc*., Case No.: 1:20-cv-20575-KMM (S.D. Fla. Feb 9, 2021) (Review of settlement agreement required when accepted Offer of Judgement, left the issue of attorneys' fees to be decided by the court).

5. In a further effort to avoid costs associated with further litigating the issue, the Parties have negotiated a final settlement, which includes attorney's fees and costs and submit the parties' settlement agreement for the Court's review pursuant to *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). The parties have negotiated the amount of attorney's fees and costs to Plaintiff in the total amount of $3,200.00. Plaintiff's attorneys' fees and costs have been negotiated independently and separately from the amount due to Plaintiff in the Offer. The total settlement value to Plaintiff is $6,000.00, inclusive of attorney's fees and costs.

6. The Parties settlement does not impact Plaintiff's recovery as Plaintiff has recovered his wages, and liquidated damages, in full. In addition, the settlement of the attorneys' fees and costs was negotiated separately and without regard to the amount of Plaintiff's recovery, and after the Offer of Judgment was extended and accepted. The Parties submit that the terms set forth within the Settlement Agreement entered into between the parties is a fair and reasonable resolution, since Plaintiff has fully recovered the wages sought, and the attorney's fees and costs were separately negotiated without compromising Plaintiff's claim.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the parties' settlement; and (2) Order dismissing this action with prejudice pursuant to the parties' stipulated settlement. A proposed order is attached as **Exhibit A**.

Dated:  July 23, 2021

Respectfully submitted,

*/s/ Miguel Morel*
Miguel Morel, Esq.
Florida Bar No. 089163
E-mail: mamorel@littler.com
Secondary: grivas@littler.com
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7530
Facsimile: (305) 603-2552

*Attorneys for Defendant*

*s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
E-mail: noah@floridaovertimelawyer.com
**Richard Celler Legal, P.A.**
10368 W SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*